J-S07008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL G. THOMFORDE | : | |
| | : | |
| Appellant | : | No. 1357 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 26, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001148-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 06, 2026**

Daniel G. Thomforde appeals from the judgment of sentence of seventy-one days to eleven months of incarceration entered pursuant to a negotiated guilty plea to accidents involving damage to attended vehicle or property.  In this Court, Deborah Lynn Bogert Brown, Esquire, has applied to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's application to withdraw and affirm the judgment of sentence.

On January 21, 2024, Appellant was involved in a motor vehicle collision and failed to stop and exchange information as prescribed by 75 Pa.C.S. §§ 3743(a) and 3744(a) and (b) of the Pennsylvania Vehicle Code.  The Commonwealth's factual basis for the plea stated as follows:  "After the

collision occurred, [Appellant] briefly spoke to the victim and left the scene without providing any information, aid, or waiting for police to arrive[.]" N.T. Guilty Plea and Sentencing, 8/26/25, at 8.

During the ensuing plea hearing, the parties outlined the terms of the negotiated plea of seventy-one days to twelve months of imprisonment with credit for time served. The parties disputed the amount of time credit. Appellant contended that he was entitled to at least seventy-six days credit including time served on a detainer for an unrelated offense from Chester County. However, the Commonwealth asserted that he was entitled only to credit for the seventy-one days served on this offense. The trial court deferred that question, ostensibly because Appellant would be entitled to immediate parole under either calculation, and Appellant executed a written plea colloquy wherein Appellant acknowledged, *inter alia*, that he may withdraw the plea if the trial court did not follow the agreement. Similarly, the trial court conducted an oral plea colloquy informing Appellant of both the rights that he was relinquishing as a result of pleading guilty and his limited post-sentence rights and appellate rights. Thereafter, the trial court accepted the plea as knowingly, intelligently, and voluntarily entered.

The matter proceeded immediately to sentencing, where Appellant waived the presentence investigation and declined to exercise his right to allocution. Applying the seventy-one-day time credit, the court imposed the above-referenced judgment of sentence, which strayed slightly from the

negotiated accord insofar as it reduced the maximum term of imprisonment by one month. The Court explained, "I am going to shorten the tail-end [of the sentence] to [eleven] months, which would cover any additional days that [Appellant] was incarcerated whether he was entitled to credit or not." N.T. Guilty Plea and Sentencing, 8/26/25, at 13. Neither party objected to the one-month deviation in Appellant's favor, and Appellant did not seek to withdraw the plea due to the court's divergence.

Appellant failed to timely file a post-sentence motion or request that the court reconsider or modify the August 28, 2025 judgment of sentence. Rather, on September 24, 2025, he filed a motion seeking to withdraw the guilty plea *nunc pro tunc.* He did not provide any reason for the untimeliness of his request to withdraw the plea much less attempt to identify any extraordinary circumstances that would warrant *nunc pro tunc* status. As Appellant failed to present any support for *nunc pro tunc* relief, the trial court denied the motion summarily on the following day.

Appellant immediately filed this timely appeal from the judgment of sentence. On September 30, 2025, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed a Rule 1925 statement on October 23, 2025, raising a single compliant: "The trial court abused its discretion in denying Appellant's post-sentence motion to withdraw guilty plea and vacate sentence *nunc pro*

*tunc.*" Rule 1925(b) Statement, 10/23/25, at 1 (capitalization altered).[1] Four days later, the trial court issued a Rule 1925(b) opinion addressing Appellant's issue.

In this Court, counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. We must address this threshold matter before proceeding to the merits of the appeal. ***See Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa.Super. 2005) ("When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation and quotation marks omitted). Counsel must adhere to the following requirements to withdraw pursuant to the ***Anders*** procedure:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [***Anders***] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.
>
> ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). Counsel must also provide a copy of a letter advising the appellant of his or her rights to this Court. ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa.Super. 2005).
>
> Our Supreme Court has directed that ***Anders*** briefs comply with the following requirements:

---

[1] While Appellant's counseled Rule 1925 statement was filed two days late, we decline to remand the matter for the appointment of new counsel and the filing of a new statement pursuant to Pa.R.A.P. 1925(c)(3) because the trial court addressed the issues raised in the untimely 1925(b) statement. ***See Commonwealth v. Andrews***, 213 A.3d 1004, 1010 (Pa.Super. 2019).

- 4 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant matter, counsel avers in her petition to withdraw that she has determined, after an examination of the record and relevant legal authority, that Appellant's appeal is wholly frivolous. Counsel also avers that she mailed a copy of her petition and her *Anders* brief to Appellant. Additionally, counsel eventually filed a copy of the *Millisock* letter she mailed to Appellant explaining Appellant's rights and informing him that he may retain new counsel or proceed *pro se* and raise any additional arguments he deems worthy of our attention.[2] The *Anders* brief includes a summary of the facts and procedural history of this case, a list of issues that could arguably support the appeal, and counsel's assessment of why those issues are frivolous, with citations to the record and relevant legal authority. Counsel has, therefore, complied with the requirements of the *Anders* procedure, and we may review

---

[2] Counsel initially neglected to attach the *Millisock* letter to her petition to withdraw, but she complied with our December 30, 2025 directive to file in this Court a copy of the letter notifying Appellant of his appellate rights.

- 5 -

the issue that she outlined in her brief. Accordingly, we proceed with an independent examination of the record to discern if any non-frivolous issues exist.[3] *Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel's **Anders** brief identifies the following claims:

1. Whether the trial court abused its discretion in denying [Appellant] *nunc pro tunc* status for his post-sentence motion to withdraw his guilty plea and vacate sentence[;]

2. Whether [Appellant] had an absolute right to withdraw his guilty plea . . . when the trial court failed to impose a sentence in accordance with the terms of the plea agreement[; and]

3. Whether the denial of [Appellant's] motion to withdraw his guilty plea . . . resulted in a manifest injustice.

**Anders** brief at 8 (footnotes omitted).

Our review of the certified record and pertinent legal authority supports counsel's conclusion that the appeal is frivolous. Pursuant to Pa.R.Civ.P. 720(A)(1), a post-sentence motion must be filed within ten days of the imposition of sentence. As outlined in the **Anders** brief, Attorney Brown averred that Appellant did not request to withdraw his guilty plea until well after the ten-day period to file a post-sentence motion pursuant to Rule 720. However, since the time to file a direct appeal had not yet expired, counsel filed in the trial court a motion for *nunc pro tunc* relief. In **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*), this Court

---

[3] Appellant did not file a response to counsel's petition.

- 6 -

explained, "[t]o be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within [thirty] days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing." Significantly, "[t]he request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id***. at 1128-29. We review the trial court's determination as to *nunc pro tunc* status for an abuse of discretion. ***Id***. at 28 (stating, "the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion"). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013) (citation omitted).

Instantly, the trial court concluded that Appellant failed to present any reason to excuse the late filing. It reasoned,

> This court, in reviewing the *nunc pro tun*[*c*] request to file post sentence motion, did not find any instance of fraud or breakdown in the court's operations. Indeed, there is nothing contained in plea counsel's *nunc pro tunc* request that would constitute an extraordinary circumstance to excuse the untimely filing. In this court's view the pleading was simply filed outside of the ten[-]day window as required by the Rules[ of Criminal Procedure]. This court was well within its authority to deny the *nunc pro tunc* request. Accordingly, any argument that this court erred in denying the *nunc pro tunc* post sentence motion must be rejected.

Trial Court Opinion, 10/27/25, at 2.

As we note, *supra*, while *nunc pro tunc* relief in this context is warranted where certain extraordinary circumstances exists, the record bears out that Appellant failed to provide the trial court **any** basis for the court to award him *nunc pro tunc* relief. Here, the court simply reviewed Appellant's bare request for relief and denied it as insufficient to excuse its untimeliness. **Id**. As the trial court's decision to deny *nunc pro tunc* relief in this circumstance is neither a misapplication of the law, manifestly unreasonable, nor a product of ill-will, partiality, or prejudice, no relief is due. **See Dreves**, at 1128 (reiterating, "in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must . . . demonstrate an extraordinary circumstance which excuses the tardiness.").

As to the remaining issues relating to the trial court altering the negotiated sentence in a manner that inured to the benefit of Appellant and the merits of any potential post-sentence request to withdraw the guilty plea, we observe that Appellant waived both issues by either failing to object to the favorable deviation during the sentencing proceeding, file a timely post-sentence motion, or present extraordinary circumstances warranting *nunc pro tunc* relief. **See e.g**. **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 89 (Pa.Super. 2017) (holding, defendant waived challenge to guilty plea by failing to challenge it "during his plea colloquy or [in] a post-sentence motion seeking to withdraw his plea[.]"); **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa.Super. 2002) (to preserve an issue related to the guilty

plea, an appellant must either "object. . . at the sentence colloquy or otherwise raise. . . the issue at the sentencing hearing or through a post-sentence motion."); **Commonwealth v. Hobson**, 313 A.3d 211 (Pa.Super. 2024) (non-precedential decision) ("Because Appellant failed to object to the entry of the plea in the trial court in the first instance, his appellate issue is waived."); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  As Appellant failed to preserve these issues for appellate review, we concur with counsel's legal assessment of this appeal as wholly frivolous.

Furthermore, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no preserved non-frivolous issues that counsel failed to address.[4] **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).  Accordingly, we

_____

[4] In accepting a guilty plea, the plea court is required to conduct an on the record plea colloquy to establish that a guilty plea is voluntary and knowing. The colloquy includes: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence."  **Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa.Super. 2018).  Instantly, the record establishes that the court undertook a lengthy colloquy with Appellant, who indicated his understanding of the foregoing inquiries, and the Commonwealth provided the requisite factual basis for the plea.  **See** N.T., Guilty Plea and Sentencing, 8/26/25 at 3-8. Thus, our independent review affords Appellant no relief.

grant Attorney Brown's petition to withdraw and affirm Appellant's judgment of sentence.

Petition of Deborah Lynn Bogert Brown, Esquire, to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/06/2026